## Case No. 1,860.

### The BRIDGEPORT.

[6 Blatchf. 3.][1]

Circuit Court, S. D. New York. Nov. 29, 1867.

COLLISION—BETWEEN STEAM AND SAIL.

Where a schooner was beating, with a flood tide, through the channel between Blackwell's island and the New York shore, and was on her starboard tack, on her way from the island to the New York shore, and a steamer behind her, going in the same direction, at a speed of eight knots an hour, blew a whistle, as a signal to the schooner to tack short, and not to run out her course, and to permit the steamer to pass between her and the New York shore, and the schooner ran out her course before she tacked, and a collision ensued, and there was room for the steamer to have passed to the east of the schooner, and, if the schooner had tacked short, there would have been danger of her colliding with another schooner: *Held,* that the schooner was right in running out her course, and that the steamer was in fault.

[Cited in The Free State, Case No. 5,090; The A. W. Thompson, 39 Fed. 116.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Case No. 1,861.

The BRIDGEPORT.

[7 Blatchf. 361.] [1]

Circuit Court, E. D. New York. June 18, 1870. [2]

3. The steamboat held to have changed her course too soon in a fog, in the night, and to have run at too great speed in such fog.

[Cited in Ellis v. The Katy Wise, Case No. 4,404.]

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel, in rem, filed in the district court, against the steamer Bridgeport, to recover for the damages sustained by a schooner, in a collision between the two vessels, which occurred on the 12th of September, 1864, between one and two o'clock p. m., in the channel which separates Blackwell's island from the New York shore, near the head of the island. The schooner was on her starboard tack, on her way from the island to the New York shore, and had just run out the tack, and had commenced preparing for the other tack, toward Hell Gate, when the collision took place. The district court decreed for the libellants, and the claimants appealed to this court. [Affirmed.]

Charles Donohue, for libellants.
Edward H. Owen, for claimants.

NELSON, Circuit Justice. There is no dispute about the facts in this case, nor any question but that both vessels had seen each other when two or three miles apart, both passing through the channel, in the same direction, the schooner in advance, beating through against the wind, and the steamer coming up under a headway of some eight knots the hour, with the flood tide.

The only controversy, is, whether, under the circumstances existing at the time, the schooner should have kept out of the way of the steamer, or the reverse. The steamer insists that she was entitled to go up along the New York shore, and that the schooner should have tacked before running out her course, and thus have provided a free way for the course of the steamer. This the schooner refused to do.

The channel is nearly half a mile wide, and it is clear that the steamer could have found room to pass up east of the schooner. It is impossible to account for the neglect of the master to take this course, except on the ground taken by him in his testimony, that, on his blowing his whistle, it was the duty of the schooner to stop and tack, without running out her course, and leave room for the steamer to pass up along the New York shore. I think that the schooner was right in running out her course, for, if she had omitted to do so, and an accident had happened on this account, she might have been responsible for it. The master of the steamer should have assumed that the schooner would fulfill her duty in this respect, and should have navigated his vessel accordingly, and not undertaken to change the rule for this special occasion.

It is due to the schooner to state, that, on account of the approach of another schooner, it would have been difficult for her to tack short without danger of a collision. Decree affirmed.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming decree of district court in Shaw v. The Bridgeport. Case No. 12,717. This decree was affirmed by the supreme court in The Bridgeport v. Shaw, 14 Wall. (81 U. S.) 116.]